UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MIGNONNE HAMMEL, ET AL | CIVIL ACTION |
| VERSUS | NO. 10-3379 |
| AMERICAN CREDIT OF COVINGTON, INC., ET AL | SECTION "F" |

ORDER & REASONS

Before the Court is Defendant Jaybar, LLC's motion for summary judgment on the issues of successor liability and liability as a single business enterprise. For the reasons that follow, Jaybar's motion is GRANTED.

**I. Background**

Douglas and Mignonne Hammel, the plaintiffs, purchased a Certificate of Indebtedness for $100,000 through a series of securities transactions involving the defendants American Credit of Covington, Inc., Chaucer Financial Services of Hammond, Inc., and William Chaucer. Chaucer and his wife Cheryl, also a defendant, pled guilty to criminal charges, and the defendants soon defaulted on payment on the Certificate. The plaintiffs sued, claiming that the Chaucers commingled money among and between their personal accounts and the various business entities which they controlled and acted fraudulently. Jaybar, an alleged successor-in-interest, has been tarred by plaintiffs with the same brush.

Plaintiffs' complaint alleges claims under Louisiana law for

civil fraud, negligent and intentional conversion of plaintiffs' assets and negligent or intentional theft by fraud, violations of unnamed statutes governing interstate commerce, and a RICO claim. Jaybar previously moved to dismiss plaintiffs' RICO claim which this Court granted in a written opinion.

Jaybar now moves for summary judgment, arguing that it is not a successor in interest to, and cannot be considered a single business enterprise with the Chaucer Entities.

## **II. Analysis**

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary

2

judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

Summary judgment is appropriate in this case because the plaintiffs have failed to establish that genuine issues of material fact exist.  Plaintiffs' memorandum in opposition does little more than pose hypothetical scenarios and questions that they speculate might have a bearing on the issue of successor liability.  As a justification for their weak responses, plaintiffs complain that they have not yet received pertinent discovery from Jaybar.  They note that they received "grossly inadequate" responses from the defendant following their first discovery request, and that they submitted a second discovery request the same day Jaybar filed its motion for summary

judgment.  Plaintiffs limp suggestion is that had they received discovery on these questions, they would now be able to show that genuine issues of material fact exist as to whether Jaybar is in fact a successor in interest to the Chaucer Entities.  But they have done remarkably nothing to justify their complaint.

According to the scheduling order in this case, discovery must be complete 28 days prior to the date of the pre-trial conference, which is January 5, 2012.  Accordingly, the discovery cut-off is December 7, 2011.  The record is clear: plaintiffs have failed to move to compel or to extend discovery.  In fact, no real activity is reflected in the record for this case between April 25, 2011 (when the scheduling order was entered), and November 22, 2011 (when Jaybar filed its motion for summary judgment).

Accordingly, IT IS ORDERED: the defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, December 7, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE